STATE BOARD OF TAX APPEALS.

CAMDEN BRANCH NO. 57, FLEET RESERVE ASSOCIATION, PETITIONER, v. CITY OF CAMDEN, RESPONDENT.

Decided April 1, 1941.

For the petitioner, *Raymond Saltzman.*

For the respondent, *John J. Crean* and *William J. Shepp.*

QUINN, President. Petitioner filed with the Camden County Board of Taxation an application for exemption from taxation on a plot of ground, the building thereon and the personal property located therein, owned by it and used for its purposes, all of which was assessed for the year 1939 by the city of Camden. The application was denied and the appeal is from that determination.

The claim for exemption is based, in the alternative, upon sections 54:4-3.5 and 54:4-3.25 of the Revised Statutes, *N. J. S. A.* 54:4-3.5 and 54:4-3.25. These provide, respectively, as follows:

54:4-3.5. "Real estate or personal property owned and used for military purposes by any organization under the

jurisdiction of this state, or of the United States, shall be exempt from taxation under this chapter on condition that all income derived from the property above the expense of its maintenance and repair shall be used exclusively for such military purposes; and any building, real estate or personal property used by an organization composed entirely of veterans of any war of the United States shall be exempt from taxation under this chapter."

54:4-3.25. "All real and personal property used in the work and for the purposes of one or more *bona fide* national war veterans organizations or posts, or *bona fide* affiliated associations, whether incorporated or unincorporated, existing and established on June eighteenth, one thousand nine hundred and thirty-six, shall be exempt from taxation under this chapter if the legal or beneficial ownership of such property is in one or more of said organizations, or posts, or affiliated associations."

It may be noted at the outset that *R. S.* 54:4-3.25; *N. J. S. A.* 54:4-3.25, cannot avail petitioner, as it was organized *subsequent* to June 18th, 1936, having been incorporated May 25th, 1938. Although it was granted a charter January 23d, 1933, there is. nothing before us to show that it was actually "existing and established" prior to its incorporation. For reasons hereinafter discussed, furthermore, it is not satisfactorily established that petitioner is a "war veterans' organization," in view of the nature of its membership, and the qualifications for membership set forth in its constitution and by-laws.

The claim posited upon *R. S.* 54:4-3.5; *N. J. S. A.* 54:4-3.5, depends upon whether the proofs show that petitioner is composed "entirely of veterans of any war of the United States." We conclude they do not. Article II, section 1 of the constitution of the organization provides that membership is open to any person now transferred to the sixteen or twenty year classes of the Fleet Naval Reserve or Marine Corps Reserve, to enlisted men in the service of the United States Navy or Marine Corps and having eight or more years honorable service and who continue in the service until transferred to the Fleet Naval Reserve or retired, and to men on

the retired list of the United States Navy or Marine Corps. In no case is service in any war a prerequisite to membership.

The proof with respect to the actual service background of petitioner's membership, as of the assessing date, is to the effect that all of the members are veterans of either the World War, Spanish-American War, or as stated by the witness at the hearing, "of some campaign or war. For instance, the Nicaragua troubles that we had in the late twenties or the China troubles in the earlier thirties prior to and at the same time that the Panay was machine-gunned out there." We regard this testimony as insufficient to establish that all of petitioner's members were, on October 1st, 1938, the assessing day, "veterans of any war of the United States." A skirmish or an expedition is not the equivalent of a war. See *O'Neill* v. *Central Leather Co.* (*Court of Errors and Appeals*, 1915), 87 *N. J. L.* 552; 94 *Atl. Rep.* 789. Neither our own knowledge nor any proof here adduced substantiates the contention that the Nicaraguan or China incidents referred to partake of the character of a formal state of armed conflict between our own and any foreign power, sufficient to qualify one who saw service therein as a veteran of a war of the United States. In view of the paucity of detail in the proof as to the time and place of war service of each of petitioner's members, and of the circumstance that service in a war of any type whatever is not a qualification for membership in the organization, we regard the burden of proof which is carried by any exemption claimant, as not carried by petitioner in this matter, under either of the statutory provisions referred to. In case of doubt an exemption statute should be construed in favor of the rule which would subject all property to a just share of the public burden. *Princeton Country Day School* v. *State Board of Tax Appeals* (*Supreme Court*, 1934), 113 *N. J. L.* 515; 175 *Atl. Rep.* 136.

The application for exemption is denied and the judgment of the Camden County Board of Taxation affirmed.